U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
NOV 13 2014
CLERK, U.S. DISTRICT COURT
By ____________
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| WILLIAM SANFORD | § | |
| | § | |
| VS. | § | NO. 4:14-CV-861-A |
| | § | (NO. 4:12-CR-063-A) |
| | § | |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of movant, William Sanford, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence, and a brief in support. Having considered movant's motion and brief, the entire record of movant's criminal case, and the applicable legal authorities, the court concludes that the motion should be denied.

I.

Pertinent Background

On April 13, 2012, movant pleaded guilty to a single charge of violating 18 U.S.C. §§ 513(a) and 2, making, possessing, and uttering a forged and counterfeit security of a private entity. In response to the presentence report, movant's attorney, Peter Smythe ("Smythe"), objected to the six-level enhancement to movant's criminal history points based on the number of victims, and he reurged his objection at movant's sentencing hearing on

August 10, 2012. Smythe objected that the six-level enhancement was based on the erroneous view that movant obtained personal information of his victims from items stolen from postal collection boxes. However, Smythe argued that while some of the individuals who provided movant the stolen items may have obtained them from postal collection boxes, there was no evidence that movant was aware of that fact, and no evidence connected movant to the postal collection boxes. The court considered this to be an "open question" and gave movant "the benefit of the doubt," Sentencing Tr. at 10, and decreased the six-level enhancement to a two-level enhancement.

The court sentenced movant to a term of imprisonment of 120 months, followed by a three-year term of supervised release. Movant appealed, and the United States Court of Appeals for the Fifth Circuit affirmed.

II.

Grounds of the Motion

Movant raised a single claim of ineffective assistance of counsel by Smyth. The factual basis of this claim pertains to the withdrawal by Smythe of an objection to the presentence report. The presentence report added three criminal history points based on movant's 1991 state court conviction for delivery

of a controlled substance, and one point for his 1992 state court conviction, also for delivery of a controlled substance. Smythe originally objected to the use of the 1991 conviction in calculating movant's criminal history points because movant was discharged from parole for this offense in February 1996, and the offense conduct occurred more than fifteen years later, in April or May of 2011.

In the addendum to the presentence report in response to this objection, the probation officer noted the portions of the presentence report discussing movant's relevant conduct that occurred as early as 2002. Hence, the 1991 conviction was within fifteen years of movant's earliest relevant conduct for the instant offense. Following the filing of the addendum, Smythe withdrew his objection.

In the instant motion, movant alleged that Smythe's withdrawal of the objection constituted ineffective assistance of counsel. In movant's view, the court sustained Smythe's objection to the six-level enhancement and did not attribute all of his co-conspirators' conduct to movant, instead lowering the enhancement to two levels. Movant now claims that Smythe should have made the same objection to the use of his co-conspirators' 2002 relevant conduct that was used to bring movant's 1991 and

1992 convictions within the fifteen-year time frame.

III.

Analysis

A. Applicable Standards

1. Pertinent § 2255 Principles

After conviction and exhaustion of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc). A defendant can challenge his conviction or sentence after it is presumed final only on issues of constitutional or jurisdictional magnitude and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors, but is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal but, if condoned, would result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 21, 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal.

Davis v. United States, 417 U.S. 333, 345 (1974). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

2. Principles Applicable to Claims of Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show (1) that counsel's performance fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984). Both prongs of the Strickland test must be met to demonstrate ineffective assistance. Id. at 697. Further, "[a] court need not address both components of an ineffective assistance of counsel claim if the movant makes an insufficient showing on one." United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 131 S.Ct. 770, 792 (2011), and a movant must prove that counsel's errors "so undermined the proper

functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 131 S.Ct. 1388, 1403 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689.

Here, movant is entitled to no relief based on the alleged ineffective assistance of counsel because he has failed to meet the standard set forth by Strickland.

B. Movant's Motion Lacks Merit

Movant's claim in the instant motion is that Smythe should not have withdrawn his objection to the use of the prior state court convictions, but instead should have urged the court not to consider the 2002 relevant conduct of movant's co-conspirators, which brought movant's 1991 and 1992 convictions within the fifteen-year time frame. Because Smythe was successful in obtaining a decrease in the six-level enhancement that was based on the co-conspirators' relevant conduct, movant argues that Smythe should have raised the same argument as to the 1991 and 1992 convictions.

The distinction between the two objections defeats movant's argument. The six-level enhancement was based on the relevant conduct of others that was attributed to movant. In contrast, the enhancements for the 1991 and 1992 convictions were based on movant's own conduct in 2002, rather than the conduct of others. Movant has directed the court to nothing as would show that Smythe could have prevailed had he persisted in his objection. Failure to make a frivolous or meritless objection is not ineffective assistance of counsel. See Green v. Johnson, 160 F.3d 1029, 1037 (5th Cir. 1998).[1]

IV.

Order

Therefore,

The court ORDERS that the motion of William Sanford to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C.

[1]The instant § 2255 motion addresses both the 1991 and 1992 convictions, while Smythe only objected to the 1991 conviction. The result would have been the same had Smythe objected to the 1992 conviction, and movant cannot assert a claim of ineffective assistance of counsel for failure of Smythe to raise a meritless objection. See Green v. Johnson, 160 F.3d 1029, 1037 (5th Cir. 1998).

§ 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED November 13, 2014.

JOHN McBRYDE
United States District Judge